```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                  CRIMINAL NO. 2:05-00149

MONICA LORRAINE AMAKER

### MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant's motion for judgment of acquittal and/or her motion for a new trial.  The government has responded to the motions and they are ripe for decision.

### Motion for Judgment of Acquittal

In evaluating a defendant's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), the court must view the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt.  United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).  Accordingly, defendant's conviction must be sustained if, viewed in the light most favorable to the United States, there is substantial evidence to support it.  See Glasser v. United States, 315 U.S. 60, 80 (1942).  "In reviewing the sufficiency of the evidence, [the Court is] not entitled to weigh the evidence or to assess the credibility of witnesses, 'but must assume that the jury resolved all contradictions . . . in favor of the Government.'"  United States v. Romer, 148 F.3d 359, 364 (4th Cir.

1998) (quoting United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993)).

## Motion for a New Trial

Pursuant to Fed. R. Crim. P. 33, "[o]n a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require."  When the motion attacks the weight of the evidence, the court's authority is broader than it is in deciding a motion under Fed. R. Crim. P. 29(c).  See United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985).  In deciding a Rule 33 motion, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government.  See id.  Accordingly, it may weigh the credibility of witnesses.  See id.  Despite this broad discretion, the trial court should exercise it "sparingly, and a new trial should be granted only when the evidence weighs heavily against the verdict."  Id. at 1486.

## Analysis

A.   *Challenges to Jury Selection Process*

Defendant argues that the court erred in refusing to strike for cause a certain prospective juror who testified that her brother had been killed in a hit and run accident in the Washington Street area of Charleston.  As discussed below, defendant's argument is without merit.

In the Fourth Circuit, challenges to the disqualification of jurors are reviewed under an abuse of discretion standard.  See

United States v. Turner, 389 F.3d 111, 115 (4th Cir. 2004).  "It is the settled law of this circuit that a district judge retains a `very broad discretion in deciding whether to excuse a juror for cause and his decision will not be overturned except for manifest abuse of that discretion.'"  Id. (quoting Poynter by Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989)).  According to the Fourth Circuit:

> An abuse of discretion can be found in either of two ways.  First, a district court abuses its discretion if it ignores a per se rule of disqualification after counsel moves to exclude a venireman.  Second, if the court demonstrates a clear disregard for the "actual bias" of an individual venireman, reversal is justified.

Id.  "[A] juror is impartial only if he can lay aside his opinion and render a verdict based on the evidence presented in court."  Id. at 117 (quoting Patton v. Yount, 467 U.S. 1025, 1037 n.12 (1984)).

Where the issue concerns the bias of a juror, special deference is given to the district court's determination of the credibility of the juror's statement as to whether he can be impartial.  See Patton v. Yount, 467 U.S. 1025, 1038 (1984)).  This is done because

> It is well to remember that the lay persons on the panel may never have been subjected to the type of leading questions and cross-examination tactics that frequently are employed, and that were evident in this case. Prospective jurors represent a cross section of the community, and their education and experience vary widely.  Also, unlike witnesses, prospective jurors have had no briefing by lawyers prior to taking the stand. Jurors thus cannot be expected invariably to express themselves carefully or even consistently.  Every trial

> judge understands this, and under our system it is that
> judge who is best situated to determine competency to
> serve impartially.  The trial judge properly may choose
> to believe those statements that were the most fully
> articulated or that appeared to have been least
> influenced by leading.

Id. at 1039.

The prospective juror in question indicated that her brother had been killed in a hit and run automobile accident that may have been caused by a drug deal gone bad.  However, as defendant concedes, the prospective juror stated that she could be fair and impartial in serving as a juror.  Defendant basically argues that the court should not have believed her when she said she could be fair and impartial.  This the court declines to do having found her entirely credible, especially when she said that her brother's death would not affect her deliberations in this case.

Finally, the court notes that the prospective juror to whom defendant objected was struck by defendant and did not actually serve on the jury.  This fact alone supports the conclusion that there was no reversible error in the jury selection process.  The Supreme Court has held that "a defendant's exercise of peremptory challenges . . . is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause."  United States v. Martinez-Salazar, 528 U.S. 304, 317 (2000).

B.   *Motion to Suppress*

Defendant argues that the court erred in denying her motion to suppress.  For reasons placed on the record on November 15, 2005, and in the court's Memorandum Opinion and Order dated December 12, 2005, defendant's argument with respect to the motion to suppress is DENIED.  As to any alleged inconsistencies between the detectives' testimony, the court finds them insignificant.

C.   *Insufficient Evidence to Support Conviction on Counts One, Two Three, Four, and Five*

Where, as here, a defendant argues that a jury's verdict was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  " '[S]ubstantial evidence,' in the context of a criminal action, [is] that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.' "  United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)(en banc)).  Furthermore, witness credibility is within the sole province of the jury, and this court will not reassess the credibility of testimony.  United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).  Therefore, a defendant challenging the sufficiency of the evidence "bears a heavy burden."  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

Count One of the superseding indictment charges that, on or about September 18, 2004, defendant knowingly and intentionally possessed with intent to distribute 50 grams or more of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Count Two of the superseding indictment charges that, on or about September 18, 2004, defendant knowingly and intentionally possessed with intent to distribute a quantity of cocaine, also known as "coke," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Count Three of the superseding indictment charges that, on or about September 18, 2004, defendant knowingly and intentionally possessed with intent to distribute a quantity of morphine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Count Four of the superseding indictment charges that, on or about September 18, 2004, defendant knowingly and intentionally possessed with intent to distribute for remuneration a quantity of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

In order to sustain its burden of proof for the crime of distribution of a controlled substance, the government must prove the following essential elements beyond a reasonable doubt: (1) that the defendant did possess with intent to distribute the controlled substances alleged in the indictment, and (2) that she

did so knowingly and intentionally.

Count Five of the superseding indictment charges that on or about September 18, 2004, defendant did knowingly carry a firearm during and in relation to a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, possession with intent to distribute 50 grams or more of cocaine base, also known as "crack," a Schedule II controlled substance; possession with intent to distribute a quantity of cocaine, also known as "coke," a Schedule II controlled substance; possession with intent to distribute a quantity of morphine, a Schedule II controlled substance; and possession with intent to distribute for remuneration a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).  This offense is a violation of Title 18, United States Code, Section 924(c)(1).

The essential elements of Title 18, United States Code, Section 924(c)(1)(A), are: (1) that the defendant knowingly carried a firearm as alleged; and (2) that defendant carried the firearm during and in relation to a drug trafficking crime.

Viewing the evidence in the light most favorable to the government, the court finds there was ample evidence to support the jury's verdict on Counts One through Five.  Such evidence included but was not limited to the amount of the drugs, the way they were packaged, the proximity of the firearm to the drugs, the fact that drug residue was found on the gun, etc.

D.   *Chain of Custody Issues*

As she did at trial, defendant argues that the court erred in admitting the drugs in this case because, according to her, an adequate chain of custody was not established.  The court notes that a formal chain of custody is no longer required and that the evidence was sufficient to establish that the drugs presented were what they purported to be and that they had not been altered.  For these and other reasons placed on the record during earlier proceedings, defendant's request for relief on this ground is denied.

E.   *Admission of Detective Randle's Testimony*

Defendant also contends that the court erred in admitting the expert testimony of Detective Randle who testified regarding the practices and customs common in the drug trafficking trade.  Detective Randle had been an officer with the Charleston Police Department for 12 years and had been involved in investigations of drug distribution in that area for some time.

A district court has "broad discretion to allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers in areas concerning activities which are not something with which most jurors are familiar." United States v. Sarabia-Martinez, 276 F.3d 447, 452 (8th Cir. 2002).  The Fourth Circuit has concluded that "[a]n expert witness may testify about an established practice among drug dealers, provided that he does not speak directly to the guilt or innocence of the accused." United States v. Alexander, 87 Fed. Appx. 889, *889-90 (4th Cir.

2004) (unpublished); see also United States v. Conyers, 118 F.3d 755, 758 (D.C. Cir. 1997).

Because Detective Randle did not speak directly on the issue of defendant's guilt or innocence and because his testimony was similar to the types of expert testimony allowed in drug cases, the court sees no reason to set aside the verdict or order a new trial. See, e.g., United States v. Gastiaburo, 16 F.3d 582, 587-89 (4th Cir. 1994) (holding that admission of expert testimony that twenty-one "hits" of crack cocaine were "certainly possessed with the intent to distribute" was not plain error given the "reasonable assumption that a jury is not well versed in the behavior and average consumption of drug users"); Alexander, 87 Fed. Appx. at *890 (no error in district court's admission of expert testimony that the evidence presented at narcotics trial - - quantity, packaging, and a digital scale - - was inconsistent with personal use); United States v. Smith, 1995 WL 47991, *1 (4th Cir. 1995) (holding that district court was within its discretion in allowing expert testimony of law enforcement regarding the marketing, packaging, sale, and distribution of crack cocaine).

## Conclusion

For the foregoing reasons, defendant's motion for judgment of acquittal and motion for a new trial are DENIED.

The Clerk is directed to send a copy of this Order to counsel of record, to the United States Marshal for the Southern District

of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 15th day of March, 2006.

>ENTER:
>
>*David A. Faber*
>_____
>David A. Faber
>Chief Judge